**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**SIGNATURE PACK, LLC,**<br><br>　　　　**Debtor.** | **CHAPTER 11**<br><br>**CASE NO. 19-20916-JRS** |

### MOTION TO APPROVE SETTLEMENT WITH JSO ASSOCIATES, INC.

COMES NOW, Signature Pack, LLC ("**Debtor**"), debtor and debtor in possession in the above-captioned cases, and hereby files this *Motion to Approve Settlement with JSO Associates, Inc.* (the "Motion") seeking approval of a settlement (the "Settlement") with JSO Associates, Inc. ("JSO").  In support of the Motion, Debtor shows the Court as follows:

### JURISDICTION

1.　　　This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b).  Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

### BACKGROUND FACTS

2.　　　On June 5, 2019, Debtor filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code ("Bankruptcy Code").

3.　　　Debtor is a Georgia limited liability company and as its business, Debtor is a food processing and packing company (the "Business").

4.　　　Debtor has continued in possession of its property and has continued to operate and manage its business as debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5.      On July 16, 2019, JSO filed Proof of Claim Number 29 (also referred to herein as "the Claim") in the total amount of $58,031.12.

6.      In its Claim, JSO asserts a Perishable Agricultural Commodities Act claim under 7 U.S.C. Section 499(e)(c) for agricultural goods. Respondent's Claim is more particularly described in (i) JSO's *Objection to Debtor's Motion Requesting Authorization to Use Cash Collateral, Objection to Payment of U.S. Department of Agriculture Without Payment of PACA Claim and Motion to Compel Payment of Prepetition PACA Vendor Claim* (Doc. No. 90) and (ii) the legal action initiated by JSO in the United States District Court, Eastern District of New York, Civil Action No. 19CV1781 naming as defendants Debtor, Signature Food Marketing, LLC, Thomas R. Southworth and Charles E. McAtee (the "Legal Action") .

7.      Debtor and Respondent reached a proposed Settlement resolving JSO's Claim asserted against Debtor.

8.      The Settlement is memorialized by a Settlement Agreement (the "Settlement Agreement"), which generally provides that (A)  JSO's Claim (Claim No. 29) shall be settled by payment of $37,500.00 (the "Settlement Payment") (B) Debtor shall pay the Settlement Payment on or before January 31, 2020[1] (C) JSO shall dismiss the Legal Action with prejudice within 10 days of its Counsel's receipt of the Settlement Payment; and (D) Signature Pack shall petition the Bankruptcy Court for approval of this Settlement Agreement.

---

[1] Simultaneously with the filing of this Motion, Debtor filed a Motion to Approve Asset Sale to Visionary Foods, LLC (the "Sale Motion"). The terms of the sale contemplated by the Sale Motion are memorialized in the Asset Purchase Agreement naming Visionary Foods, LLC as Buyer which is attached to the Sales Motion. Debtor intends to pay the JSO Claim at the Closing (as defined in the Sale Motion) in accordance with the Settlement Agreement.

2

## RELIEF REQUESTED

9.     Debtor requests the Court approve the Settlement as embodied in the Settlement Agreement pursuant to Bankruptcy Rule 9019. Debtor is filing a motion to seek an expedited hearing on this Motion as Debtor intends to pay the Settlement Payment at Closing as described in the Sale Motion.

## BASIS FOR RELIEF

10.     Federal Rule of Bankruptcy Procedure 9019 provides, in pertinent part, that "[o]n motion by the [debtor in possession] and after notice and a hearing the court may approve a compromise and settlement." Compromise and settlements assist in efficient administration of the bankruptcy estate, reduce administrative costs, and are favored in bankruptcy. *See Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000).

11.     The decision to approve a settlement or compromise lies within the sound discretion of the Court and is based upon the facts and circumstances of each particular case. *See Prospective Comm. For Indep. Stockholders of TMT Trailer ferry, Inc. v. Anderson*, 390 U.S. 414, 424-45 (1968).

12.     The Settlement and compromise will preserve estate resources. Debtors request the Court approve the Settlement.

## NOTICE AND PROPOSED ORDER

13.     Notice of this Motion has been given to (a) the Office of the United States Trustee, (b) all creditors, and (c) all parties in interest.

14.     A proposed Order granting the relief requested herein is attached hereto as Exhibit "A." Debtor request all relief stated in the proposed order.

3

<u>CONCLUSION</u>

WHEREFORE, Debtor respectfully requests that this Court (a) enter the attached proposed

Order approving Debtor's Settlement with JSO and (b) grant such other and further relief as this

Court deems just and proper.

Respectfully submitted this 14th day of January, 2020.

**JONES & WALDEN, LLC**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Debtor
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
lpineyro@joneswalden.com

**Exhibit "A" Follows**

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

IN RE:

SIGNATURE PACK, LLC,

                Debtor.

CHAPTER 11

CASE NO.   19-20916-JRS

**ORDER GRANTING MOTION TO APPROVE SETTLEMENT
WITH JSO ASSOCIATES, INC.**

This matter is before the Court on the Debtor's *Motion to Approve Settlement Agreement With JSO Associates, Inc.* (the "JSO Motion[1]").

A hearing on the JSO Motion was held on January ___, 2020 (the "Hearing). Leslie Pineyro appeared on behalf of the Debtor.

Based upon the Court's review of the record in this case, including without limitation the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to the same in the JSO Motion.

JSO Motion and upon consideration of the statements and arguments of counsel presented at the

Hearing, and there being good, sufficient and timely notice of the JSO Motion and the related

hearings to all parties in interest, and after due deliberation and there being good cause for the relief

sought through the JSO Motion, the Court hereby FINDS that the JSO Motion should be granted.

Accordingly, it is hereby ORDERD THAT:

1. The JSO Motion is hereby GRANTED;

2. The Settlement proposed in the Settlement Agreement is approved.

3. Debtor and JSO are authorized to enter into the Settlement Agreement and take such action as necessary to effectuate the terms of the Settlement Agreement, including Debtor paying the Settlement Payment at a Closing as contemplated by the Sale Motion.

4. This Order shall be effective immediately upon its entry.

5. The Court shall retain jurisdiction to interpret and enforce the terms of this Order.

-END OF ORDER-

**Order prepared and presented by:**

*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Thomas T. McClendon
Georgia Bar No. 431452
Jones & Walden, LLC
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
*Attorneys for Debtor*

Distribution List:
Leslie M. Pineyro, Jones & Walden, LLC, 21 8th Street NE, Atlanta, GA 30309

2

**IN THE UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**GAINESVILLE DIVISION**

| | |
|---|---|
| **IN RE:**<br><br>**SIGNATURE PACK, LLC,**<br><br>**Debtor.** | **CHAPTER 11**<br><br>**CASE NO. 19-20916-JRS** |

**CERTIFICATE OF SERVICE**

I hereby certify that on January 14, 2020, the foregoing *Motion to Approve Settlement with JSO Associates, Inc.* was electronically filed using the Bankruptcy Court's Electronic Case Filing program, which sends notices of and accompanying links to the Notice and Motion to the following parties who have appeared in these cases under the Bankruptcy Court's Electronic Case Filing Program:

- **Griffin B. Bell**   gbb@gb3pc.com, dts@gb3pc.com;admin@gb3pc.com
- **Frederic S. Beloin**   fbeloin@beloinlaw.com, jkuhar@beloinlaw.com
- **Sam G. Bratton**   sbratton@dsda.com, kstratton@dsda.com;dbkirk@dsda.com
- **David A. Garland**   dgarland@mcdr-law.com, dgarland@mcdr-law.com;hjohnson@mcdr-law.com
- **Lee B. Hart**   lee.hart@nelsonmullins.com, ayo.uboh@nelsonmullins.com
- **Sean C. Kulka**   sean.kulka@agg.com
- **Leah Fiorenza McNeill**   Leah.Fiorenza@bclplaw.com, b.lyle@bclplaw.com
- **Office of the United States Trustee**   ustpregion21.at.ecf@usdoj.gov
- **Stephan A. Ray**   sray@mcdr-law.com, hjohnson@mcdr-law.com
- **Michael D. Robl**   michael@roblgroup.com
- **Andres H. Sandoval**   andres.sandoval@usdoj.gov, charlie.cromwell@usdoj.gov;Larissa.selchenkova@usdoj.gov
- **Shayna M. Steinfeld**   shayna@steinfeldlaw.com
- **Thomas R. Walker**   thomas.walker@fisherbroyles.com
- **David S. Weidenbaum**   david.s.weidenbaum@usdoj.gov
- **David A. Wender**   david.wender@alston.com

This 14ᵗʰ day of January, 2020.

**JONES & WALDEN, LLC**
*/s/ Leslie M. Pineyro*
Leslie M. Pineyro
Georgia Bar No. 969800
Attorney for Debtor
21 Eighth Street, NE
Atlanta, Georgia 30309
(404) 564-9300
lpineyro@joneswalden.com